# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **JEROME L. GRIMES** | * | **CIVIL ACTION NO. 17-0059** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **KANGAROO OIL & GAS STATION, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Standing Order 3.111, the above-captioned matter has

been referred to the undersigned magistrate judge for review, report and recommendation. For

reasons that follow, it is recommended that plaintiff's complaint be dismissed, without prejudice,

for lack of subject matter jurisdiction.

## Background

On January 13, 2017, plaintiff pro se Jerome L. Grimes, who is proceeding in forma

pauperis in this matter, commenced the instant proceeding in federal court against Kangaroo Oil

& Gas Station and two of its fictitiously named employees, Karen Doe and Jane Doe. [doc. # 1].

This suit represents another salvo in plaintiff's ongoing broadside of suits against various

persons, officials, and entities involved in a July 11, 2015, altercation that occurred at, or in front

of the Kangaroo Oil and Gas Station located off of I-20, Monroe, Louisiana. *See Grimes v.*

*Johnson*, No. 15-2065 (W.D. La.); *Grimes v. Stephens*, No. 16-1736 (W.D. La.); and *Grimes v.*

*Monroe Police Department*, No. 17-0971 (W.D. La.).

In this suit, Grimes faults Kangaroo Oil & Gas Station, and its employees, for twice

(once on July 11, 2015, and again on December 21, 2015) failing to preserve and/or produce

exculpatory video surveillance evidence of the underlying incident. He contends that defendants

violated his due process right under the 1st, 4th, 5th, 6th, and 14th Amendments to the U.S.

Constitution to be free from intimidation and discrimination, which culminated in his arrest on

July 11, 2015. He also asserts that defendants ignored a federal subpoena to produce the videos.

Plaintiff seeks $26,000 from defendants for damage to his reputation caused by the

destruction of the video evidence. He also seeks $52,000 in punitive damages.

## Subject Matter Jurisdiction

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy

subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern.*

*Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's*

*Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of

federal subject matter jurisdiction). This practice ensures that a court without jurisdiction does

not end up "prematurely dismissing a case with prejudice." *See In Re: Fema Trailer*

*Formaldehyde Products Liability Litigation (Mississippi Plaintiffs), In Re: Fema Trailer*

*Formaldehyde Products Liability Litigation (Alabama Plaintiffs)*, 668 F.3d 281 (5th Cir. 2012)

(citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v.*

*Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua*

*sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*[1]

---

[1] Plaintiff obtained a Clerk's entry of default against defendant, Kangaroo Oil & Gas
Station. However, a district court has a duty to assure that it has the authority to enter a valid
default judgment, which presupposes the existence of personal and subject matter jurisdiction.
*Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir.2001)
(citation omitted).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332. In the case *sub judice*, the complaint does not contain requisite allegations to establish diversity jurisdiction, 28 U.S.C. § 1332. For purposes of diversity, "[a]ll plaintiffs must be diverse in citizenship from all defendants . . ." and the parties' citizenship must be "*distinctly* and *affirmatively* alleged." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990); *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

Here, plaintiff alleges that he "resides" at Homer, Louisiana, but has a mailing address in Denver, Colorado. (Compl.). This suggests that plaintiff's domicile,[2] and therefore, his

---

[2] For individual parties, the courts have equated *domicile* with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). "Domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).

citizenship was in Louisiana – at least at the time he filed suit.[3]  In fact, last year, another division of this court found that plaintiff was domiciled in Louisiana, notwithstanding his self-description as a "multi-jurisdiction resident."  *See Grimes v. Wilkens*, No. 16-0620 (W.D. La.).  Furthermore, although plaintiff sued the individual defendants under fictitious names, he alleges that they reside in Louisiana.  In addition, plaintiff did not set forth the organizational structure for defendant, Kangaroo Oil & Gas Station (i.e. whether it is a corporation[4] or a limited liability company/unincorporated association[5]), and therefore, the court is unable to discern its citizenship.  Accordingly, requisite diversity of citizenship does not appear on the face of the complaint.

The court also does not discern a colorable federal question on the face of plaintiff's

---

[3]  "Generally, jurisdiction is determined at the time the suit is filed."  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir.1987).

[4]  If Kangaroo Oil and Gas Station is a corporation, then the "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of the corporation." *Getty Oil, supra*.  Simply alleging that a corporation is a "foreign insurer" or that its principal place of business is not in a given state, without affirmatively alleging where that principal place of business is, does not suffice to establish jurisdiction.  *See Getty Oil, supra*; *see also Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). Alternatively, if defendant is an unincorporated association, then the citizenship of each member must be alleged and considered. *See* discussion, *infra*.

[5]  For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.  *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

complaint. "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). A district court should dismiss the case where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir.2013). Those circumstances are present here.

First, plaintiff does not actually cite a federal statute, but only parts of statutes, *e.g.*, "U.S.C. 28," and "U.S.C. 42." Moreover, although plaintiff alleged that defendants transgressed his myriad constitutional rights, violations of constitutional rights are not redressable directly. Rather, plaintiff must pursue constitutional claims through 42 U.S.C. § 1983. *Coleman v. Mississippi Dep't of Marine Res.*, 16-0289, 2016 WL 5794772, at *2 (S.D. Miss. Oct. 4, 2016) (citations omitted). Here, plaintiff did not invoke § 1983; thus, his constitutional claims are subject to dismissal. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir.1994); *Mitchell v. City of Houston, Tex.*, 57 Fed. Appx. 211 (5th Cir.2003).

However, even if plaintiff *had* invoked § 1983, his complaint(s) remains deficient. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, *and* must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (emphasis added).

To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n. 18 (1982). In general, the state does not have a constitutional duty to protect individuals from private harm. *Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Moreover, private entities are not generally considered state actors. *Meade v. Dillard Dept. Stores*, 275 F.3d 43, 43 (5th Cir. 2001). Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).[6]

Defendants constitute a private company and individuals – not state actors under § 1983.

---

[6] For purposes of § 1983, there are several instances where seemingly private conduct may be charged to the state. First, "[p]rivate action may be deemed state action when the defendant's conduct is 'fairly attributable to the State.'" *Id.* at 423 (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)). Under the "fair attribution" test, "the plaintiff must show: (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor." *Id.* "State action will not accrue merely because of government acquiescence or approval of the private entity's actions." *Id.* Second, under the "public function" test, a private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state. *Bass*, 180 F.3d at 241-42 (citing *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Third, under the state compulsion test, a state will be held responsible for a private decision "when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* at 242 (citing *Blum v. Yaretsky*, 457 U.S. 991, 102 (1982)). Finally, under the joint action test, state action may be found where the government has "so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the enterprise." *Id.* (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 (1974)).

Plaintiff's complaint is devoid of any factual allegations to suggest that defendants' conduct can

be attributed to the State, or that the State encouraged, participated, or otherwise coerced

defendants' actions.[7] Thus, he has not asserted a colorable non-frivolous federal claim that

would support the exercise of federal question jurisdiction.

### Conclusion

In the absence of any apparent basis for subject matter jurisdiction, dismissal is required.

Fed.R.Civ.P. 12(h)(3). Accordingly,

IT IS RECOMMENDED that the above-captioned complaint be DISMISSED, without

prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have

**fourteen (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within

**fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of

filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[7] Insofar as plaintiff seeks to hold defendants liable for their alleged failure to heed a federal subpoena, the court observes that the "remedy for failure to comply with a subpoena is to seek to hold the non-complying person in contempt of court" under Federal Rule of Civil Procedure 45(f). *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 57–58 (N.D. Tex.2015). Of course, plaintiff should have filed the appropriate motion at the time of occurrence, in the suit that the subpoena pertained to.

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 12th day of September 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE