# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **JEROME L. GRIMES** | **CIVIL ACTION NO. 17-00059** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **KANGAROO OIL & GAS** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Before the Court is a Complaint [Doc. No. 1] filed by Plaintiff Jerome L. Grimes. On September 12, 2017, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 23] in which she recommended that the Court dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

Plaintiff filed an objection to the Report and Recommendation on September 25, 2017. [Doc. No. 24]. Defendants did not respond to the objection.

Having independently reviewed the entire record, including Plaintiff's objection, the Court concurs with the Magistrate Judge's findings and ADOPTS the Report and Recommendation. The Court issues this Ruling to address Plaintiff's objection, which purports to assert new allegations.

The Magistrate Judge recommended dismissal because, in part, Plaintiff failed to plead a colorable federal question claim:

> First, plaintiff does not actually cite a federal statute, but only parts of statutes, e.g., "U.S.C. 28," and "U.S.C. 42." Moreover, although plaintiff alleged that defendants transgressed his myriad constitutional rights, violations of constitutional rights are not redressable directly. Rather, plaintiff must pursue constitutional claims through 42 U.S.C. § 1983. *Coleman v. Mississippi Dep't of Marine Res*., 16-0289, 2016 WL 5794772, at *2 (S.D. Miss. Oct. 4, 2016) (citations omitted). Here, plaintiff did not invoke § 1983; thus, his constitutional claims are subject to dismissal. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994); *Mitchell v. City of Houston, Tex*.,

57 Fed. Appx. 211 (5th Cir. 2003).

However, even if plaintiff *had* invoked § 1983, his complaint(s) remains deficient. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (emphasis added).

To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n. 18 (1982). In general, the state does not have a constitutional duty to protect individuals from private harm. *Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Moreover, private entities are not generally considered state actors. *Meade v. Dillard Dept. Stores*, 275 F.3d 43, 43 (5th Cir. 2001). Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Defendants constitute a private company and individuals – not state actors under § 1983. Plaintiff's complaint is devoid of any factual allegations to suggest that defendants' conduct can be attributed to the State, or that the State encouraged, participated, or otherwise coerced defendants' actions. Thus, he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction.

[Doc. No. 23 (footnotes omitted)].

In his objection, Plaintiff essentially alleges that a state actor, Officer Timothy Stephens, acted in concert with Defendants to conceal video evidence. While Plaintiff does not move for leave to amend his Complaint to include this ostensible new allegation, the Court will nevertheless construe the allegation as a motion for leave to amend.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be "freely [granted] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Whether leave to amend should be

granted is entrusted to the sound discretion of the district court . . . .'" *Quintanilla v. Texas Television Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (quoted source omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imp. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).

In deciding whether to grant leave, courts consider: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing, *Foman*, 371 U.S. at 182).

Here, the Court declines to grant leave to amend because amendment would be futile. As the Magistrate Judge described, "This suit represents another salvo in plaintiff's ongoing broadside of suits against various persons, officials, and entities involved in a July 11, 2015, altercation that occurred at, or in front of the Kangaroo Oil and Gas Station located off of I-20, Monroe, Louisiana." [Doc. No. 23, p. 1]. As this Court observed in Plaintiff's prior case arising out of the same facts, officers arrested Plaintiff following the altercation and charged him with Aggravated Battery and Aggravated Assault. He was released from Ouachita Correctional Center ("OCC") on July 13, 2015. However, he failed to appear in court to answer the charges against him, and a judge issued a

warrant. That warrant remains outstanding.[1]

The main thrust of Plaintiff's Complaint here is that Kangaroo Oil & Gas Station, and its employees, twice (once on July 11, 2015, and again on December 21, 2015) failed to preserve and/or produce exculpatory video surveillance evidence of the altercation near the Kangaroo Gas Station. [Doc. No. 1]. Plaintiff also asserts that Defendants ignored a federal subpoena to produce the video evidence. *Id.*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court. While the rule in *Heck* does not extend to pending criminal matters, a successful § 1983 false arrest action would necessarily imply the invalidity of any future conviction that might result from the aggravated battery and aggravated assault charges and would, therefore, implicate *Heck*. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

Here, Plaintiff has not been convicted of a crime. However, Plaintiff's proposed allegation that one of the arresting officers acted in concert with Defendants, private actors, to destroy or suppress exculpatory evidence would, if proven, necessarily imply the invalidity of Plaintiff's potential future conviction. Consequently, even if the Court granted Plaintiff leave to amend, the Court would nevertheless dismiss Plaintiff's action without prejudice to his ability to bring a Section

---

[1] TELEPHONE CALL TO THE FOURTH JUDICIAL DISTRICT COURT, OUACHITA PARISH AND THE OUACHITA PARISH DISTRICT ATTORNEY, (September 28, 2017).

1983 action after his criminal case is resolved.[2]  Amendment, therefore, is futile.[3]

As amendment is futile, the Court denies Plaintiff's putative motion for leave to amend. Plaintiff has failed to allege a colorable non-frivolous federal claim and, thus, the Court cannot exercise federal question jurisdiction.

For the foregoing reasons, as well as the reasons set forth in Magistrate Judge's Report and Recommendation, Plaintiff's putative motion for leave to amend is DENIED, and Plaintiff's Complaint [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

MONROE, LOUISIANA this 24th day of October, 2017.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] *See Grimes v. Johnson*, No. CV 15-2065, 2016 WL 6892496, at *3 (W.D. La. Nov. 22, 2016) (declining to reach the merits of Plaintiff's Section 1983 claims against Officer Stephens and, rather than staying the case, dismissing the claims without prejudice for efficiency purposes); *Grimes v. Stephens*, 2017 WL 2888583, at *4 (W.D. La. May 5, 2017), report and recommendation adopted, 2017 WL 2883646 (W.D. La. July 6, 2017) (dismissing Plaintiff's claims, including claims that defendants failed to procure or preserve the alleged exculpatory video in question here, against a defendant not party to Plaintiff's first suit, because the claims were barred by *Heck*).

[3] The Court echoes the Magistrate Judge's observation that, athough Plaintiff alleged, conclusorily, that Defendants transgressed his constitutional rights, Plaintiff never invokes Section 1983.